IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CHRISTOPHER RUSSELL<br>TDCJ No. 02215333<br><br>　　　Plaintiff,<br><br>v.<br><br>UNKNOWN JOHN AND JANE DOES<br>AT THE BILL CLEMENTS UNIT,<br><br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§   2:23-CV-001-Z-BR<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS § 1983 CLAIM**

Plaintiff Christopher Russell tendered to this Court a pleading attempting to initiate a civil proceeding under 42 U.S.C. § 1983. (ECF 3). Plaintiff did not use the required form and did not submit with his pleading any payment to satisfy the requisite fee or an application to proceed *in forma pauperis*. (ECF 4). On January 5, 2023, the Court issued a Notice of Deficiency directing Plaintiff to correct those deficiencies within 30 days. (*Id*.). The Court explicitly warned Plaintiff that failure to do so would result in the dismissal of his complaint without further notice.

In response, Plaintiff submitted an Amended Complaint (ECF 5) and Motion for Leave to Proceed *in forma pauperis*. (ECF 6). In support of his Motion for Leave to Proceed *In Forma Pauperis*, Plaintiff submitted a copy of an I-60 form, requesting to know how much money had been deposited in his account over the last six months. (ECF 6 at 4). A handwritten notation on the request form indicates Plaintiff's balance is $0.00. (*Id*.).

On February 8, 2023, the Court issued a Final Notice of Deficiency (ECF 7), informing Plaintiff that the I-60 form with hand-written balance was insufficient for the Court to determine if Plaintiff qualifies for *In Forma Pauperis* status. The Court provided Plaintiff an additional

fifteen (15) days to submit the required certified Data Sheet. (*Id.*). The Court, again, explicitly warned Plaintiff that failure to do so would result in the dismissal of his complaint without further notice.

On February 27, 2023, Plaintiff submitted letter correspondence, in which Plaintiff indicates his receipt of the Final Notice of Deficiency. (ECF 8). Plaintiff claims that he has been unable to obtain the requisite Data Sheet despite three requests. (*Id.*). However, Plaintiff has not provided evidence of the requests or Grievances in which he has further attempted to obtain a Data Sheet. Plaintiff further argues that TDCJ and the Clements Unit provided only the hand-written response that Plaintiff attached to his Motion and "will not provide other documents." (ECF 8 at 1). However, the Court is in regular receipt of the appropriate Data Sheets from the Clements Unit and is not swayed by such argument without further evidence of Plaintiff's attempts to obtain the Data Sheets through the appropriate channels.

As of this date, Plaintiff has failed to comply with the Court's Order. The Court has given Plaintiff ample opportunity to comply with its Order, yet Plaintiff has failed to follow the Court's direct orders or otherwise indicate his intention to cure the deficiency. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988); *see* Fed. R. Civ. P. 41. "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)). The undersigned finds Plaintiff's failure to comply with this Court's February 8, 2023 Order warrants dismissal.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Complaint (ECF 3) filed by Plaintiff Christopher Russell be DISMISSED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 6, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).